UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **RICK LEE WAFFLARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 09-2089 |
| **HOLIDAY INN URBANA,** | ) |
| | ) |
| **Defendant.** | ) |

# REPORT AND RECOMMENDATION

In May 2009, Plaintiff Rick Wafflard filed a *Pro Se* Complaint (#3) against Defendant Holiday Inn, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5, *et seq.*). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims based on a federal statute.

In June 2009, Defendant filed a Motion To Dismiss For Failure to State Claim Upon Which Relief Can Be Granted (#5). Plaintiff's response was due July 13, 2009; at this time, he has not yet filed a response. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss For Failure to State Claim Upon Which Relief Can Be Granted **(#5)** be **DENIED**.

## I. Background

The following background is taken from the complaint. At relevant times, Plaintiff worked for Holiday Inn. Plaintiff alleges that he was fired for going to church on Easter Sunday.

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

(requiring plausible grounds for inferences if those inferences are to sustain a complaint). However, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 544 U.S. at 555, 569 n.14).

### III. Analysis

Defendant argues that the Court should dismiss the complaint because it fails to state a claim of religious discrimination. Specifically, Defendant states as follows:

> Plaintiff has set forth no facts asserting that his religious beliefs were sincerely held but simply the conclusory allegation that Plaintiff was fired for going to church. Furthermore, Plaintiff fails to allege how Defendant's actions prevented Plaintiff from participating in a religious activity or otherwise deprived him of a Constitutional right. There are no facts suggesting that Plaintiff could only attend religious services during his scheduled work hours or that there were no other alternatives available to Plaintiff.

(#5, p. 3.)

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 544 U.S. at 555. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

The Supreme Court recently revisited the issue of notice pleading in federal courts, stating as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'." *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (addressing the sufficiency of a civil rights complaint).

Although the Court need not accept a legal conclusion as true, at the motion to dismiss stage, the Court must accept all *factual* averments as true. Accordingly, the Court must accept as true Plaintiff's allegation that he was fired from his job for going to church services on Easter. As a result, the Court concludes that Plaintiff has pleaded enough to allow the Court to draw the reasonable inference that Defendant could be liable for the misconduct Plaintiff alleged.

At this stage in the proceedings, the Court declines to fine-tune the complaint. As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Accordingly, the Court recommends denying Defendant's motion to dismiss for failure to state a claim.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss For Failure to State Claim Upon Which Relief Can Be Granted **(#5)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of July, 2009.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE